## FINCH v. DOBBS.

[72 South. 858.]

JUDGMENT. *Res adjudicata. Parties bound. Successor of state land commissioner.*

> Where the state land commissioner was perpetually enjoined by a court of competent jurisdiction of the subject-matter and of the person, from conveying to any person other than complainant the swamp land title of the state to certain land, such decree bound his successor and those claiming under such successor and prevented such successor from making the conveyance so enjoined although the decree itself was erroneous and although it was not *res adjudicata* of the rights of the state.

APPEAL from the chancery court of Boliver county.
HON. M. E. DENTON, Chancellor.

Suit by Mrs. Ruth Dobbs against Parley Finch. From a decree for complainant, respondent appeals.

The facts are fully stated in the opinion of the court.

*Sykes & Sykes* and *Mayes & Mayes,* for appellant.

*Wells, May & Sanders,* for appellee.

COOK, P. J., delivered the opinion of the court.

Appellee filed her bill in the chancery court of Bolivar county against the appellant, praying that her title to the land in controversy be confirmed. ·Appellee claims

by a deed from the state land commissioner, executed August 1, 1913. It is agreed that the land involved is swamp and overflowed land. Apellant claims through a sale for alleged delinquent taxes due to the Liquidating Levee Board and for alleged delinquent taxes due to the state. Inasmuch as we will treat the title of appellant as perfect, provided the land was subject to taxation, and inasmuch as the land was clearly not taxable, we will not go into a discussion of the numerous points so ably presented by counsel on both sides of this appeal.

The land was swamp and overflowed land and was not the subject of taxation, but the record discloses that appellant's predecessors in title on April 17, 1906, filed a bill in the chancery court of Hinds county praying for a decree confirming their tax title to the land in controversy, and the then land commissioner, E. H. Nall, was made a party to that action, and appeared and demurred to the bill. The demurrer was overruled, and the land commissioner declined to answer the bill.

It is not necessary to set out the details of this litigation; it is only necessary to say that a court of competent jurisdiction of the subject-matter and the person entered a decree against the land commissioner confirming the tax title of appellant's predecessors in title, and also decreeing that the swamp and overflowed land patent issued to the state by the United States inured to the complainants in that suit and vested the title so obtained by the state in the complainants. More than that, the court sustained the prayer for an injunction against the land commissioner, and entered a decree perpetually enjoining the land commissioner from conveying the swamp land title of the state to any person. It is agreed that appellee had actual knowledge of these proceedings and of the decree before she purchased the land from the state.

So, as the case stands, we are not called on to decide but one thing—will the court permit the land commis-

sioner to make a deed which a court of competent jurisdiction has enjoined his predecessor in office not to make?

That neglect or omission of public officers as to their public duties will not work an estoppel against the state may be readily conceded, but it must be conceded that a state department may be controlled in the exercise of its departmental powers, and in this case the chancery court has undertaken to control the land commissioner in the exercise of his departmental powers. For the purpose of this opinion we will assume that the chancery court was wrong in its conclusions—that the land in controversy was not the subject of taxation, and the complainants in that case had no shadow of right to the decree they obtained confirming their title as against the state's title. This decree was not *res adjudicata* of the rights of the state, but we hold that it was *res adjudicata* so far as the land commissioner's power to make a deed to the land is concerned. This decree enjoining the land commissioner from conveying the land to any other person stands unchallenged, and it cannot be challenged in this suit.

Until the decree is reversed, or until it is set aside by some direct proceeding begun and prosecuted for that purpose, we believe that the orderly administration of the law and the upholding of the powers and authority of the courts constitutionally exercised compels this court to hold that the appellee cannot invoke the power of the court to validate a title obtained from an officer of the state in total disregard and in defiance of the decree of a court fully clothed with the power to make the decree.

If Mr. Brown, the present land commissioner, is concluded by judgments against his predecessor, Mr. Nall, he has ignored the decree enjoining him from executing the deed upon which is based appellee's claim to the land. From our examination of the authorities, and from principle, we are convinced that the decree rendered against Mr. Nall is as binding upon Mr. Brown as it was

on Mr. Nall. Black on Judgments (2d Ed.), vol. 2, sec. 582.

Appellee knew that Mr. Brown violated the injunction when he accepted her money and made her deed. She took a long shot and loses.

*Reversed and remanded.*